PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| CAMERON CLEVELAND ) | |
| ) | CASE NO. 4:25-CV-1420 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CORE CIVIC CCA, ) | **MEMORANDUM OF OPINION** |
| *et al.*, ) | **AND ORDER** |
| ) | [Resolving ECF No. 1] |
| Defendants. ) | |

The Court considers Plaintiff's Complaint (ECF No. 1). This suit is dismissed *sua sponte* with prejudice for the reasons herein.

## I. BACKGROUND

Plaintiff Cameron Cleveland is an incarcerated adult at Federal Correctional Institution ("FCI") Jesup in Jesup, Georgia. He brings a civil rights complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against Defendant Core Civic CCA (a private company that owns and operates prisons and detention centers) and Defendant Sergeant [FNU] Thake (a Core Civic employee working at the Northeastern Ohio Correctional Center ("NEOCC") in Youngstown, Ohio). ECF No. 1. Plaintiff alleges he suffered excessive force at NEOCC during a 2018 cell extraction that fractured his left humerus and required surgery.[1] ECF No. 1 at PageID ##: 4-5, ¶ II.D. He also alleges NEOCC denied him "remedy process," failed to document the incident,

---

[1] *See United States v. Cleveland*, No. 5:17-CR-289 (N.D. Ohio filed July 2017).

(4:25-CV-1420)

and failed to provide medical treatment. ECF No. 1 at PageID ##: 4-5, ¶ II.D. He seeks monetary damages as recompense. ECF No. 1 at PageID # 6 ¶ V.

## II. LEGAL STANDARD

Federal courts screen *in forma pauperis* complaints and dismiss those that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from an immune defendant. See 28 U.S.C. § 1915(e)(2)(B); Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive dismissal, the complaint must contain sufficient factual matter—accepted as true—to state a facially plausible claim for relief. See id. The Rule 12(b)(6) standard articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) governs dismissal for failure to state a claim under § 1915(e)(2)(B). See id.; Fed. R. Civ. P. 12(b)(6).

## III. DISCUSSION

Plaintiff's complaint warrants *sua sponte* dismissal pursuant to § 1915(e)(2)(B). He filed a lawsuit in 2023 against Core Civic alleging identical claims under identical facts. See Cleveland v. Core Civic, No. 4:23-CV-0094, 2023 WL 3159743 (N.D. Ohio Apr. 28, 2023). The Court dismissed that suit under § 1915(e)(2)(B) for failure to state a claim. See id. Res judicata bars Plaintiff from bringing "a subsequent action between the same parties or their privies based upon the same claims or causes of action that were or could have been raised in a prior action." Burton v. Cleveland Ohio Empowerment Zone, 102 F. App'x 461, 463 (6th Cir. 2004). A case dismissed under § 1915(e) precludes a subsequent suit implicating the same facts. See, e.g., Clemons v. Ohio Bureau of Workers' Comp., No. 17-4092, 2018 WL 1845871, at *1–2 (6th Cir. Mar. 8, 2018); id. Plaintiff's complaint arises out of the same 2018 cell extraction as his prior lawsuit. He brings it against the same parties or parties in privity (*i.e.*, Core Civic and their

(4:25-CV-1420)

employee). Any claims he now asserts were, or could have been, raised in the 2023 lawsuit. Accordingly, this complaint is barred by *res judicata*.

Even if not precluded, the complaint warrants dismissal for the same reasons as its progenitor. Section 1983 provides civil remedies only for constitutional violations committed by persons acting under color of state law, and Plaintiff has not demonstrated that Defendants are state actors. Although the Supreme Court clarified a limited private right of action against individual officials who violate constitutional rights, Plaintiff brings no such plausible claim. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). A private business that operates a federal prison—and private employees working therein—cannot be sued for constitutional rights violations under *Bivens* and §1983. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70–74 (2001); *Minneci v. Pollard*, 565 U.S. 118, 131 (2012). Plaintiff thus has no plausible claim against either Defendant.

### III. CONCLUSION

Plaintiff's Complaint case is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

| October 31, 2025 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

3